IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-131-BO

| | |
|---|---|
| MELISSA LEIGH SUTTON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 24 & 28]. A hearing on this matter was held in Raleigh, North Carolina on August 20, 2014 at 2:00 p.m. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff is a 45 year old woman who worked as a dental hygienist. [Tr. 27]. On July 6, 2011, Ms. Sutton filed an application for disability insurance benefits alleging an onset date of March 30, 2010. [Tr. 22]. This application was denied initially and upon reconsideration. On December 11, 2012 an Administrative Law Judge ("ALJ") held a hearing and then rendered an unfavorable decision on December 21, 2012. The Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g), 1383(c)(3).

Plaintiff was 40 years old at the time of her alleged onset date. She has a high school education with additional training in dental hygiene, the field in which she worked. [Tr. 38–39]. She alleges disability due to mental impairments which include depression, bipolar disorder, and anxiety disorder. The ALJ found plaintiff's bipolar disorder, anxiety/panic disorder, and history of polysubstance abuse to be severe impairments. [Tr. 23].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's

impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, plaintiff alleges that the ALJ erred by failing to give controlling weight to the opinion of plaintiff's treating physician and by failing to include all of plaintiff's non-exertional limitations in the hypothetical to the vocational expert ("VE") as listed by the treating physician.

"A treating physician's opinion controls unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence of record." *Stephens v. Astrue*, 533 F. Supp. 2d 598, 600 (E.D.N.C. 2008) (citing 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). The ALJ found that the opinion of plaintiff's treating physician, Dr. Hunsinger, [Tr. 474–77] was due little weight because the treatment records from LeChris counseling did not support the degree of limitation in making occupational adjustments that Dr. Hunsinger found. [Tr. 26]. Here, the ALJ's decision to give Dr. Hunsinger's opinion less than controlling weight is not supported by substantial evidence. A review of the record shows that Dr. Hunsinger's opinion is adequately supported by substantial evidence of record. The record shows that Ms. Sutton had a highly unstable mental condition with many GAF scores in the 41-50 range indicating serious symptoms including suicidal ideation and serious impairment in social and occupational functioning. DSM-IV-TR at 34. There were sixteen instances when Ms. Sutton's GAF scores

3

indicated serious impairment in social and occupational functioning. [Tr. 291, 439, 440, 441, 444, 445, 446, 447, 448, 449, 453, 470, 478, 481, 482, 486]. The ALJ mentioned only one of these scores. [Tr. 26]. Further, the ALJ stated that Ms. Sutton "generally remained stable throughout treatment" after August 2011. [Tr. 26]. However, the seven instances when Sutton was in the "serious symptoms" range belie this. [Tr. 439, 440, 441, 478, 481 482, 486]. It is clear that the ALJ failed to fully consider the parts of the record which support Dr. Hunsinger's opinion and as such the ALJ's decision to afford it limited weight is not supported by substantial evidence. The opinion is entitled to controlling weight.

Because the ALJ erred in considering Dr. Hunsinger's opinion, the hypothetical to the VE which did not include all of the limitations contained in Dr. Hunsinger's opinion was also erroneous. Further, the hypothetical to the VE failed to include all of the limitations in the mental RFC assessment in this case. Specifically not mentioned was the limitation that Ms. Sutton " can adapt in a low stress environment." [Tr. 96; 26; 52]. Finally, the ALJ failed to include the frequency and duration of Ms. Sutton's lapses of concentration, persistence, and pace in the hypothetical to the VE and his RFC finding. For these reasons the hypothetical was flawed and therefore the ALJ's decision is not supported by substantial evidence.

As the Court cannot make findings and determinations in the first instance, the appropriate action here is to remand the case to the Commissioner. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). Upon remand, the Commissioner is to consider how affording the opinion of Dr. Hunsinger the controlling weight it is due affects her decision. Further, if applicable, the ALJ is to provide an appropriate hypothetical to the VE which includes all limitations affecting the plaintiff.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This 27 day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE